UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Joshua Pittman, <br><br> Plaintiff, <br> v. <br><br> Jack Harris, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | : <br> : <br> : Civil Action No.: 8:14-cv-3406 <br> : <br> : <br> : <br> : **COMPLAINT** <br> : <br> : <br> : |

For this Complaint, Plaintiff, Joshua Pittman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Joshua Pittman ("Plaintiff"), is an adult individual residing in Front Royal, Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Jack Harris, Inc. ("Jack Harris"), is a Maryland business entity with an address of Jack Harris, Inc., 8855 Annapolis Road, Suite 110, Lanham, Maryland 20706, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Jack Harris and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

6. Jack Harris at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Jack Harris for collection, or Jack Harris was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Jack Harris Engages in Harassment and Abusive Tactics

11. In or around September 2014, Jack Harris began calling Plaintiff in an attempt to collect the Debt.

12. Jack Harris left voicemails for Plaintiff without providing any information regarding the nature of the call or who the call was from.  The voicemails also did not indicate that the calls were an attempt to collect the Debt.

13. When Plaintiff called Jack Harris to determine who was calling, the collector with whom he spoke failed to identify the company even after Plaintiff asked for the name.

14. Jack Harris also failed to send Plaintiff a letter regarding the Debt within five (5) days of the initial communication.

### C. Plaintiff Suffered Actual Damages

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

17. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to Plaintiff without disclosing the identity of the debt collection agency.

21. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that the communication was an attempt to collect the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair

and unconscionable means to collect the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff a initial letter within five days of its initial contact with Plaintiff.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

27. Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 29, 2014

Respectfully submitted,

By  /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF